Filed 9/14/20  P. v. Rodriguez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>GERARDO RODRIGUEZ,<br><br>     Defendant and Appellant. | B303459<br><br>(Los Angeles County<br>Super. Ct. No. BA445443) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Affirmed as modified and with directions.

Lori A. Nakaoka, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising

Deputy Attorney General, and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted Gerardo Rodriguez of two counts of carjacking (Pen. Code, § 215, subd. (a))[1] and found true the allegation he committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The trial court imposed a sentence of 31 years, which included 10 years for the gang enhancement, 10 years for two five-year enhancements for prior serious felony convictions under section 667, subdivision (a)(1), and one year for a prior prison term under section 667.5, subdivision (b). Rodriguez appealed, and this court affirmed his convictions, but reversed the true finding on the gang allegation and remanded for resentencing.

At the resentencing hearing, the court struck the 10-year gang enhancement but did not strike either of the five-year enhancements under section 667, subdivision (a)(1), or the one-year enhancement under section 667.5, subdivision (b). Rodriguez appeals again, arguing he is entitled to another sentencing hearing because the trial court did not recognize at the resentencing hearing it had discretion to strike either or both of the five-year enhancements under section 667, subdivision (a)(1). Rodriguez also argues the one-year enhancement under section 667.5, subdivision (b), must be stricken after the Legislature enacted Senate Bill No. 136, effective January 1, 2020. We strike the one-year enhancement, and otherwise affirm.

---

[1] Undesignated statutory references are to the Penal Code.

2

# FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Rodriguez on Two Counts of Carjacking, and the Trial Court Sentences Him to 31 Years in Prison*

In 2017 a jury convicted Gerardo Rodriguez on two counts of carjacking (§ 215, subd. (a)) and found true the allegation he committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b). The trial court found that Rodriguez had two prior serious or violent felony convictions withing the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)), that he had two prior serious felony convictions within the meaning of section 667, subdivision (a)(1), and that he served several prior prison terms within the meaning of section 667.5, subdivision (b). (*People v. Rodriguez* (July 10, 2019, B280915) [nonpub. opn.].)

Rodriguez filed a motion under *People v. Romero* (1996) 13 Cal.4th 497 to strike both prior serious and violent felony convictions for purposes of the three strikes law. The trial court granted the motion in part and struck one of the prior serious or violent felony convictions. The court also struck all but one of the prior prison terms. The court sentenced Rodriguez as a second strike offender to the middle term of five years for one of the carjacking convictions, doubled to 10 years under the three strikes law, plus a 10-year term for the gang finding under section 186.22, subdivision (b)(1)(C), two five-year terms for the prior serious felony convictions under section 667, subdivision (a)(1), and a one-year term for the section 667.5, subdivision (b),

prior prison term, for a total sentence of 31 years.  The court imposed an identical concurrent term for the other carjacking conviction.

> B. *Rodriguez Appeals, This Court Remands for Resentencing, and the Trial Court Strikes the Gang Enhancement*

Rodriguez appealed.  Among other contentions, he argued the trial court committed prejudicial error under *People v. Sanchez* (2016) 63 Cal.4th 665 in admitting expert testimony about the predicate offenses required to establish the element of a pattern of criminal gang activity for the gang enhancement.  In 2019 we reversed the true finding on the gang enhancement allegation, otherwise affirmed the judgment, and gave the People the option to retry the gang allegations.  We directed the trial court to resentence Rodriguez if, as ultimately occurred, the People declined to retry the gang allegation.

During the resentencing hearing in November 2019 the court struck the gang allegation and stated, "I could just repeat the sentence before, but I'm going to indicate that it is to be the identical sentence that was previously given . . . minus the 10 years I gave him for the gang allegation pursuant to 186.22(b)(1); that is taken away.  And the sentence remains identical in all purposes for 21 years."  The People asked the trial court to "resentence without the 667. . . . to get to a 21-year-8 number," but the trial court declined to make any changes to the sentence other than striking the gang enhancement and reducing Rodriguez's restitution fine "in light of the reduced sentence."  Rodriguez appealed again.

4

# DISCUSSION

### A. *The Trial Court Did Not Fail To Recognize It Had Discretion To Strike a Prior Conviction at Resentencing*

#### 1. *Applicable Law and Standard of Review*

Prior to January 1, 2019, section 667, subdivision (a)(1), required the court to impose a five-year sentence enhancement for each prior conviction of a serious felony. The court did not have discretion to strike a prior serious felony conviction. (Stats. 2018, ch. 1013, § 2; see *People v. Reneaux* (2020) 50 Cal.App.5th 852, 875.) In 2018 the Legislature enacted Senate Bill No. 1393, effective January 1, 2019, which amended sections 667 and 1385 to allow a judge to exercise discretion and strike a prior serious felony conviction in connection with the five-year enhancement. (Stats. 2018, ch. 1013, §§ 1-2; *People v. Stamps* (2020) 9 Cal.5th 685, 702.) Senate Bill No. 1393 applies retroactively to cases, like this one, that are not final as of the statute's January 1, 2019 effective date. (*Stamps*, at pp. 698-699.)

"As a general rule "'a trial court is presumed to have been aware of and followed the applicable law.'"" (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398.) This rule applies to sentencing. (See *People v. Weddington* (2016) 246 Cal.App.4th 468, 492 ["we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant"]; *People v. Bullock* (1994) 26 Cal.App.4th 985, 990-991 ["We are entitled to presume that the sentencing court properly exercised its discretion in imposing sentence

absent contrary evidence."].)  If the record is silent whether the trial court understood its sentencing discretion, we presume the court understood it.  (See *People v. Bolian* (2014) 231 Cal.App.4th 1415, 1421 [remand for resentencing is not required where "the record is merely silent on whether the court misunderstood its sentencing discretion"]; *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 ["in light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion"]; *People v. Brown* (2007) 147 Cal.App.4th 1213, 1228-1229 ["remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion" because "[e]rror may not be presumed from a silent record"].)

We review for abuse of discretion a trial court's failure to dismiss or strike a prior conviction under section 1385.  (*People v. Carmony* (2004) 33 Cal.4th 367, 374; *People v. Carter* (2018) 26 Cal.App.5th 985, 995.)  "In reviewing for abuse of discretion, . . . '"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."'" (*Carmony*, at pp. 376-377; see *People v. Lee* (2017) 16 Cal.App.5th 861, 866 [to show an abuse of discretion, "the defendant must 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion'"].)

### 2. *The Trial Court Recognized It Had Discretion and Did Not Abuse It*

We issued our decision in the prior appeal on July 10, 2019, over six months after Senate Bill No. 1393 amended sections 667 and 1385 to give trial judges discretion to strike prior serious felony convictions for purposes of the five-year enhancement. The trial court resentenced Rodriguez on November 25, 2019, over 10 months after the effective date of those amendments. Senate Bill No. 1393 applied to Rodriguez's resentencing because his judgment was not final. (*People v. Stamps*, *supra*, 9 Cal.5th at p. 699.) The trial court had ample notice of the new law, and we presume, in the absence of any contrary evidence, the court was aware of, and applied, the new law.

Rodriguez asserts the trial court was unaware it had discretion to strike the five-year enhancements under section 667, subdivision (a)(1), because the resentencing hearing was brief. Brevity, however, is not ignorance of discretion, and Rodriguez does not cite any evidence or statement suggesting the trial court was unaware of its (by then well-known) sentencing discretion to strike five-year enhancements under section 667, subdivision (a)(1). And as discussed, silence is not enough. (See *People v. Carmony, supra*, 33 Cal.4th at pp. 376-377; *People v. Bolian*, *supra*, 231 Cal.App.4th at p. 1421; *People v. Brown, supra*, 147 Cal.App.4th at pp. 1228-1229; *People v. Gutierrez, supra*, 174 Cal.App.4th at p. 527.) Indeed, contrary to Rodriguez's assertion, the record suggests the trial court was fully aware it had discretion to strike the five-year enhancements but chose not to, twice emphasizing that, except for striking the 10-year gang enhancement, the court wanted to impose an "identical" sentence in all other respects.

7

B.   *The One-Year Prior Prison Term Enhancement Must Be Stricken*

Prior to January 1, 2020, section 667.5, subdivision (b), authorized the court to impose a one-year sentence enhancement for each true finding "the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Senate Bill No. 136, which was enacted on October 8, 2019 and became effective January 1, 2020, amended section 667.5, subdivision (b), to limit the applicability of the one-year prior prison term enhancement to those defendants who served a prior prison sentence for a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1; see *People v. Matthews* (2020) 47 Cal.App.5th 857, 862; *People v. Smith* (2020) 46 Cal.App.5th 375, 396.)

The one-year term the trial court imposed under section 667.5, subdivision (b), was for a prior prison term Rodriguez served for unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), which is not a sexually violent offense under Welfare and Institutions Code section 6600, subdivision (b). As the People concede, because Rodriguez's case was not final when the new law became effective, the new law applies to Rodriguez, and we must strike the one-year enhancement. (See *People v. Jennings, supra,* 42 Cal.App.5th at p. 682 ["Senate Bill No. 136's . . . amendment to section 667.5, subdivision (b) applies retroactively to all cases not yet final as of its January 1, 2020 effective date," and where the defendant's case was not "final as of that date, he is entitled to the ameliorative benefit" of the amended statute]; see also *People v. Gastelum* (2020)

45 Cal.App.5th 757, 772; *People v. Winn* (2020) 44 Cal.App.5th 859, 872-873.)

## DISPOSITION

The one-year enhancement under section 667.5, subdivision (b), is stricken.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.

9