Filed 1/31/22  P. v. Kalajian CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>JARRAD DAVID KALAJIAN,<br><br>         Defendant and Appellant. | A160991<br><br>(Sonoma County<br>Super. Ct. No. SCR-732387-1) |

Defendant pled no contest to taking a vehicle without consent and admitted he had suffered two prior strike convictions.  Defendant filed a *Romero*[1] motion seeking to strike both strike convictions.  At sentencing, the trial court denied the motion and sentenced defendant to 32 months in state prison because of the prior strike convictions.  On appeal, defendant contends the trial court erred in denying his *Romero* motion, and abused its discretion by imposing a felony sentence because the record demonstrates the court was unaware it had the discretion to reduce his felony to a misdemeanor.  We disagree and affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2019, Officer Benjamin Schott was dispatched to Sebastopol Ace Hardware regarding a theft that had occurred the previous

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

evening. Upon his arrival, Schott met with the store manager, who showed him a video from the previous night of a man stealing an 80 cc pocket motorcycle by loading it on a pushcart and wheeling it away. The manager valued the motorcycle at approximately $400. Upon viewing the surveillance footage, another officer, Jamie Baldovinos, identified the man depicted therein as defendant.

The Sonoma County District Attorney filed an information charging defendant with one felony count of taking a vehicle without consent. (Veh. Code, § 10851, subd. (a).) It was alleged defendant suffered two prior strikes (Pen. Code,[2] §§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)) for rape (§ 261, subd. (a)(2)) and oral copulation (former § 288a, renumbered § 287). The information further alleged defendant had served prior prison terms, including for first degree burglary. (§§ 667.5, subd. (b); 459/460.)

On March 3, 2020, defendant pleaded no contest to taking a vehicle without consent and admitted he had suffered two prior strikes respectively on March 9, 2001 and August 16, 2013. The court dismissed the prior prison term allegations.

The court sentenced defendant to 32 months in state prison, the low term of 16 months, doubled to 32 months, due to his prior strike convictions.

## II. DISCUSSION

### A. Romero *Motion*

#### 1. *Additional Background*

Defendant was convicted in 2001, of forcible rape and forcible oral copulation. He was sentenced to six years in state prison. After defendant was released in 2005, he violated his parole and was returned to custody four

---

[2] All statutory references are to the Penal Code unless otherwise indicated.

times before he was discharged from parole in 2009. In 2013, defendant was convicted of first degree burglary and was sentenced to state prison. He was discharged from parole in 2017.

Prior to sentencing, defendant filed a motion, requesting the trial court to exercise its discretion under Penal Code section 1385, subdivision (a) and *Romero* to dismiss his prior strike convictions. Defendant maintained his prior strikes were "[t]wo very large mistakes, one occurring two decades ago when [he] was barely an adult himself and the other occurring one decade ago," and because these strike convictions occurred in "his distant past," defendant claimed it would be "a grave miscarriage of justice to send [him] to prison for an objectively minor, non-violent offense."

During the *Romero* hearing, defense counsel argued defendant had been out of custody for "some months" and had "been stable and doing well." According to counsel, defendant was working at Anu Oluwa Poultry, had a stable residence, and had demonstrated recently "to the court that he had the ability to stay out of trouble and be stable in the community."

The prosecution countered that "one missing piece" was defendant's failure to show remorse, contrition, or accept responsibility.

After reviewing the probation report, defendant's *Romero* motion, and the prosecution's opposition, the court denied defendant's motion. In explaining its ruling, the court stated, "First, as to the Romero motion, Mr. Kalajian, your attorney made some good arguments on your behalf. However, in the Court's view, with the two prior strikes in this case—and I understand that there was a period of time where you were on parole and were successful on parole, but with the two prior strikes, them being close together relatively and numerous violations at least on the first time you

were on parole, I do not feel that it would be in the interest of justice to strike both prior strikes in this matter."

### 2. *Analysis*

"California's 'Three Strikes law' applies to a criminal defendant who is currently charged and convicted of a felony and who has previously been convicted of one or more serious or violent felonies." (*In re Coley* (2012) 55 Cal.4th 524, 528.) But this scheme does not eliminate a court's discretion to dismiss a defendant's prior strike conviction. (*Romero*, *supra*, 13 Cal.4th at pp. 529–530; *People v. Clancey* (2013) 56 Cal.4th 562, 582.) Either on the court's own motion or on application of the parties, the court may order a prior strike conviction dismissed "in furtherance of justice." (§ 1385, subd. (a); *People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).)

"A [sentencing] court's discretion to strike prior felony conviction allegations in furtherance of justice is limited." (*Romero*, *supra*, 13 Cal.4th at p. 530.) It "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes law's] spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Given the "strong presumption" that any sentence imposed in conformity with the Three Strikes law is rational and proper, a trial court abuses its discretion in denying a *Romero* motion only in limited circumstances—e.g., where the court was unaware of its discretion to dismiss or considered impermissible factors, or where applying the Three Strikes law to a set of facts would produce an arbitrary, capricious, or patently absurd

4

result.  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  In short, it is not enough to show that reasonable minds might disagree; where the record is silent or " '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' "  (*Ibid.*)

Defendant claims the trial court abused its discretion in denying the *Romero* motion to dismiss his prior strike convictions.  More specifically, defendant maintains the court did not consider mitigating factors such as " 'the remoteness of the prior strikes' " and appellant's age (21) when he committed the prior strike offenses.  In examining defendant's criminal record as a whole, defendant argues the "severity of his record is decreasing," and the theft involved a vehicle valued at less than $950, which is "ordinarily a misdemeanor."  Defendant also argues the court "placed undue weight" on defendant's prior criminal offenses, without factoring in any sort of mitigation when denying his motion.  The court's ruling, according to defendant, was also "incongruous" with its recognition of the minor nature of the current offense and with the trial court releasing defendant on his own recognizance prior to sentencing, suggesting the court did not consider all relevant factors.[3]

We are unpersuaded.  Given the "strong presumption" that any sentence imposed in conformity with the Three Strikes law is rational and proper, a trial court abuses its discretion in denying a *Romero* motion only in limited circumstances—e.g., where the court was unaware of its discretion to

---

[3] Although defendant missed his sentencing date after being released on his own recognizance, his trial counsel pointed out that defendant provided proof he checked in at the Public Defender's Office and put himself on the calendar to clear the bench warrant.

dismiss or considered impermissible factors, or when applying the Three Strikes law to a set of facts would produce an arbitrary, capricious, or patently absurd result.

Such is not the case here because there is no evidence in the record that the court failed to consider defendant's proffer that the current offense was minor in nature, the prior strikes were remote, he was only 21 years old at the time of the first offense, and since being out of custody, he had "been stable and doing well." The court, in fact, considered the relevant factors in denying defendant's *Romero* motion. Before sentencing, the court stated it had read the felony presentence report, defendant's *Romero* motion, and the prosecutor's opposition brief. The presentence report described defendant's personal history including education, employment, drug use, and mental health. Additionally, the report detailed defendant's prior strike conviction history. Lastly, the court listened to defense counsel's argument urging it to dismiss the prior strike convictions.

To the extent defendant argues the remoteness of his first strike conviction compelled the striking of one or more strikes, we disagree. In *People v. Gaston* (1999) 74 Cal.App.4th 310, 320–321, the appellate court found the remoteness of the defendant's priors insignificant in light of his record of recidivism. (See *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 ["the trial court should not simply consult the Gregorian calendar with blinders on"; striking 20-year-old prior was abuse of discretion where the defendant had "not lead a 'legally blameless life' " since his prior conviction].) Likewise, here, defendant has not led a legally blameless life since his first strike conviction in 2001. In 2001, he was convicted of forcible rape and forcible oral copulation. After he was released in 2005, he returned to custody four times due to parole violations before his completion of parole in

2009. Then in 2013, he was convicted of first degree burglary and sentenced to seven years in state prison. He was discharged from parole in 2017. In short, defendant has hardly led a legally blameless life.

Relying on *People v. Avila* (2020) 57 Cal.App.5th 1134, 1142, defendant argues that he committed his first strike prior when he was 21 years old. Though he recognizes age is "not dispositive on its own," he contends it is relevant to the nature and circumstances of his strikes as a mitigating factor. Although defendant was young when he committed his first strike, he was 32 years old when he committed his second. And unlike the defendant in *Avila*, whose prior strikes were committed when he was under 21 years of age, defendant's criminal activity continued well into adulthood. (*Id.* at p. 1141.) Further, unlike in *Avila*, defendant points to no evidence in this record that the trial court failed to understand that age was a relevant mitigating factor for it to consider. (*Id.* at p. 1142.)

Moreover, defendant maintains the "severity of his [criminal] record is decreasing." He notes his 2011 first degree burglary conviction, while serious, was not violent, and his current offense involved the theft of a vehicle under $950, normally a misdemeanor. However, the court's imposition of the low-term felony sentence reflects that it considered the value of the stolen property in imposing the sentence.

His remaining contentions are similarly unavailing. Defendant asserts the probation report "suggests that, at the time of his prior convictions, [he] suffered from some mental health and substance abuse issues." In the most recent 2020 presentence report, defendant indicated he was diagnosed with an unknown type of learning disability and participated in special education classes at school. And in the 2001 presentence report, defendant's mother claimed that "an attending psychiatrist described him as self-destructive,

7

depressed and possibly a threat to the parents' safety." As defendant concedes, "there is no evidence to suggest either played a role in his current offense," and mother's claim that defendant suffered from mental health issues was made in 2001, almost two decades before he committed the current offense in 2019. Furthermore, defendant denied any history of mental health issues, hospitalizations, suicidal ideation or attempts, or medications. He also maintained substance abuse had "not significantly impacted his life." Because there is no reason to surmise that defendant's earlier, reported general mental health issues, learning disabilities, or substance abuse played any role in defendant's commission of the current offense, any mitigation was de minimis.[4]

In short, in denying defendant's *Romero* motion, the court plainly understood the scope of its discretion.

Lastly, defendant asserts the "spirit" of the Three Strikes law is "changing and evolving," citing general sentencing trends including the advent of Proposition 36 and Proposition 47. Defendant notes that under Proposition 47, certain drug and property crimes are reduced to misdemeanors, recently enacted Senate Bill No. 620 (2017–2018 Reg. Sess.) permits courts to strike previously mandatory firearm enhancements, Senate Bill No. 136 (2019–2020 Reg. Sess.) eliminates one-year sentence enhancements for most prior prison sentences, and Senate Bill No. 1393

---

[4] Following defendant's entry of his plea, the court released defendant on " 'enhanced supervision,' pending sentencing." This strongly suggests, according to defendant, that the court "did not find that [defendant's] current offense, his criminal history, or his personal characteristics or background, to be serious enough to warrant continued detention." However, the court released defendant pending sentencing presumably before it received and reviewed the detailed presentence report. As a result, it concluded a low-term sentence was warranted.

(2017–2018 Reg. Sess.) deletes the restriction prohibiting a judge from striking a five-year serious felony conviction enhancement. Finally, defendant refers to other new laws decriminalizing certain offenses, such as possession of small amounts of marijuana, and those expanding pretrial diversion. Thus, defendant concludes, "These recent sentencing changes make it clear that policies underlying felony sentencing are shifting to place more emphasis on rehabilitation than previously."

While this may be true, defendant has failed to cite to any enumerated policies or statutory or case authority demonstrating these laws have redefined or impacted the character of the Three Strikes law, which states the Legislature's intent is "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious or violent felony offenses." (§ 667, subd. (b).) As our Supreme Court explained in *Carmony*, the trial court's failure to dismiss or strike a prior serious and/or violent felony conviction should be reviewed for abuse of discretion, and in the absence of a showing that the sentencing decision was irrational or arbitrary, " ' "the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Carmony*, *supra*, 33 Cal.4th at pp. 376–377.) Second, the court stated a " ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Id*. at p. 377.) Absent an abuse of discretion, we will not second-guess the trial court's decision here denying defendant's *Romero* motion.

### B. The Court's Exercise of Discretion in Imposing the Felony Sentence

#### 1. Legal Principles

Vehicle Code section 10851, subdivision (a) is a wobbler offense. (*People v. Bullard* (2020) 9 Cal.5th 94, 100, fn. 1.) Section 490.2, subdivision (a) "mandates misdemeanor punishment for a defendant who 'obtain[ed] any property by theft' where the property is worth no more than $950. An automobile is personal property. 'As a result, after the passage of Proposition 47, an offender who obtains a car valued at less than $950 *by theft* must be charged with petty theft and may not be charged as a felon under any other criminal provision.'" (*People v. Page* (2017) 3 Cal.5th 1175, 1183.) When a defendant, however, has one or more serious and/or violent convictions, including, such as here, convictions for which sexual registration is required under section 290, the offense "may instead be punished" as a felony under section 1170, subdivision (h), regardless of the value of the property. (§ 490.2, subd. (a).) In that event, a trial court has discretion to treat the offense as either a felony or misdemeanor. (§ 17, subd. (b).)

A trial court's sentencing decision is reviewed for abuse of discretion and will not be overturned, unless a party contesting the sentence demonstrates the sentencing decision was irrational or arbitrary. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978, 981.)

#### 2. Analysis

Defendant contends the trial court's comments during the sentencing hearing demonstrate it was unaware of its statutory discretion to reduce defendant's vehicle theft offense from a felony to a misdemeanor, and as a result, remand for resentencing is required to allow the trial court to exercise its discretion. Defendant focuses on the trial court's comment, "However, in mitigation, the Court will note that [defendant] did complete—successfully

completed parole the second time around, there was a period of time before this new offense—it was I think just under 2 years—where you weren't on parole, but most importantly to the court in mitigation is that the value in this case being approximately 550—if it wasn't for your conviction in 2000 and your registration status, this would not be a felony, this would have been a misdemeanor case, and that's the most significant circumstance in mitigation for the court." This language, according to defendant, "clearly demonstrates [the court] did not believe it had the discretion to sentence [defendant] to a misdemeanor." We disagree.

Preliminarily, the Attorney General asserts defendant has forfeited this claim because he failed to ask the trial court to exercise its discretion and reduce his felony conviction to a misdemeanor. The Attorney General is correct. Because defendant failed to ask the trial court to treat the vehicle theft conviction as a misdemeanor and/or object to the trial court's discretionary sentencing choice, his claim is forfeited. (*People v. Weddington* (2016) 246 Cal.App.4th 468, 491.)

In any event, the record does not support defendant's claim that the trial court was unaware of its discretion to reduce the felony to a misdemeanor. Notably, the court weighed the circumstances in aggravation and mitigation, observing in mitigation that defendant "successfully completed parole the second time around," and "most importantly," "in mitigation" the court remarked that the approximate value of the stolen pocket motorcycle was $550.[5] However, it appears the trial court was not inclined to reduce the felony conviction to a misdemeanor, explaining "if it

---

[5] The court referred to these factors in mitigation even though the presentence report found no factors in mitigation but several factors in aggravation.

11

wasn't for your conviction in 2000 and your registration status, this would not be a felony, this would have been a misdemeanor case, and that's the most significant circumstance in mitigation for the court."  Contrary to defendant's argument, this statement does not suggest that the trial court misunderstood the scope of its discretion or thought it was required by law to impose a felony sentence.  (See, e.g., *People v. Bolian* (2014) 231 Cal.App.4th 1415, 1421–1422 [trial court affirmatively demonstrated it misunderstood sentencing discretion where it remarked it would be " 'illegal and improper' " to reinstate probation]; *People v. Weddington, supra,* 246 Cal.App.4th at p. 492 [we presume the trial court knew and correctly applied the law].)  Rather, the court's statements during the sentencing hearing suggest it was fully aware of its sentencing discretion and purposefully exercised it.

"On appeal, we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant." (*People v. Weddington, supra,* 246 Cal.App.4th at p. 492.)

### III.  DISPOSITION

Accordingly, the judgment is affirmed.

MARGULIES, J.


WE CONCUR:


HUMES, P. J.


BANKE, J.


A160991
*People v. Kalajian*

13