Filed 12/2/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B252794 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA052593) |
| v. | |
| BRUCE LEONARD BOLIAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Reversed.

Gail Ganaja, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.


\*\*\*\*\*\*\*\*\*\*\*

Bruce Leonard Bolian appeals from the trial court's judgment revoking his probation and executing a previously imposed sentence of five years in state prison.  We reverse and remand for the limited purpose of determining whether to reinstate or terminate probation, as it appears the court may have misunderstood the scope of its discretion.

## FACTS AND PROCEDURE

In December 2011, appellant was charged in an amended information with one count of possession of a deadly weapon (a billy club) in violation of Penal Code former section 12020, subdivision (a)(1).[1]  The amended information also alleged appellant had suffered three prior convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served prison terms for eight prior convictions within the meaning of section 667.5, subdivision (b).  Appellant pled guilty and admitted two prior convictions within the meaning of section 667.5, subdivision (b).  In February 2012, the court sentenced appellant to five years in state prison, consisting of three years for the substantive count and two years for the prior conviction allegations.  The court then suspended execution of the sentence and placed appellant on formal probation for five years.  The conditions of his formal probation required that he (1) perform 60 days of Caltrans (California Department of Transportation) community service, (2) not own, use, possess, buy, or sell any controlled substances except with valid prescription, and (3) submit to periodic controlled substance testing when requested.

---

[1]     Further undesignated statutory references are to the Penal Code.  "[F]ormer section 12020 (Stats. 2008, ch. 699, § 18, p.4834), prohibiting possession of a wide variety of weapons, was repealed and recodified in a nonsubstantive reorganization which divided former section 12020 into new numbered sections.  (Stats. 2010, ch. 711, § 4, operative Jan. 1, 2012; see §§ 16000 [Deadly Weapons Recodification Act of 2010], 16005 ['Nothing in the Deadly Weapons Recodification Act of 2010 is intended to substantively change the law relating to deadly weapons.'].)"  (*People v. Brown* (2014) 227 Cal.App.4th 451, 455, fn. 1.)

According to the report of Deputy Probation Officer (DPO) Douglas Morales, appellant tested positive for marijuana in December 2012, January 2013, March 2013, and May 2013. The DPO's report recommended the court find appellant had violated probation but modify probation by ordering appellant to complete an outpatient drug counseling program. The court set a probation violation hearing for August 2, 2013, for which appellant did not appear. The court preliminarily revoked appellant's probation based on the report that he had violated the terms of his probation and his failure to appear.

The matter was continued for a contested violation hearing, at which DPO Morales testified. The DPO had previously discussed with appellant that he was not in compliance with the conditions of his probation because he had tested positive for marijuana, and he also had not performed his 60 days of Caltrans community service. Appellant said he could not perform his Caltrans service because he was having back problems and was on heavy medication. As to the marijuana use, appellant submitted a recommendation for the use of medical marijuana from his doctor. The recommendation was dated March 2, 2013, and was valid for one year. As to appellant's nonappearance on August 2, 2013, before that date, appellant called DPO Morales to say he could not appear for court because of his physical condition. The DPO's revised recommendation was to find appellant violated probation but modify his probation so that appellant serve "a suitable amount of time in custody" and attend an outpatient drug education program.

The court found appellant violated his probation because he tested positive for marijuana, he failed to appear on August 2, 2013, without excuse, and he failed to complete his community service without excuse after being on probation for nearly a year and a half. The court revoked his probation and ordered execution of the previously suspended sentence of five years in state prison.

## DISCUSSION

Appellant contends the court misunderstood its legal authority to reinstate and/or modify his probation rather than revoke and terminate it, and we must therefore reverse for the court to properly exercise its discretion. We agree.

3

## 1. Pertinent Background

Before DPO Morales testified, defense counsel asked the court to adopt the recommendation of the DPO "for some jail time and drug treatment." The court responded by asking whether the DPO knew at the time of his recommendation that appellant had an executed but suspended sentence. The court pointed out the DPO's September 2013 report said "imposition of sentence suspended" (capitalization omitted), which was not the same thing as *execution* of sentence suspended. The DPO's earlier report from June 2013 stated something slightly different in regards to appellant's sentence; it said, "state prison – suspended" (capitalization omitted).

After DPO Morales testified and the parties were arguing their positions, defense counsel again asked the court to consider the DPO's recommendation:

> "[Defense Counsel]: . . . I would just ask the court to consider the fact that [appellant] be found in violation of probation but, however, be given some jail time to allow him to understand that he has to comply with strictly --

> "The Court: The difficulty is that it will be illegal for me to do, and the probation officer may not be aware of that. I would have to make a de minimis finding to do that. This isn't de minimis. And I can't. It would be illegal and improper. That's what an execution of sentence suspended is so a judge doesn't come in and undercut another judge. That's the problem. He may not be aware of that. I don't know.

> "[Defense Counsel]: Well, the probation department?

> "The Court: Yes. Not to mention the fact that on the form it says the imposition of sentence is suspended. It's not. It's execution of sentence is suspended. So I don't know if this D.P.O. is familiar with what that means and the differences, and if it would have affected his recommendation.

> "[Defense Counsel]: Well, I don't know if that would be illegal, Your Honor.

> "The Court: It is. That's why they do an ESS."

The court went on to revoke appellant's probation and execute the sentence previously imposed, as discussed above.

## 2. Analysis

A probation violation does not automatically call for revocation of probation and imprisonment. (*People v. Hawthorne* (1991) 226 Cal.App.3d 789, 795.) A court may modify, revoke, or terminate the defendant's probation upon finding the defendant has violated probation. (§ 1203.2, subds. (a), (b)(1).) The power to modify probation necessarily includes the power to reinstate probation. (*People v. Medina* (2001) 89 Cal.App.4th 318, 321; *Hawthorne, supra*, 226 Cal.App.3d at p. 795.) Thus, upon finding a violation of probation and revoking probation, the court has several sentencing options. (*Medina, supra*, 89 Cal.App.4th at p. 322.) It may reinstate probation on the same terms, reinstate probation with modified terms, or terminate probation and sentence the defendant to state prison. (*Ibid.*; see also Couzens et al., Sentencing California Crimes (The Rutter Group 2012) ¶ 23:1 ["After a defendant violates felony probation, the court may either reinstate the defendant on probation with additional sanctions and/or modification of the conditions of probation, or send the defendant to state prison."].)

If the court decides to reinstate probation, it may order additional jail time as a sanction. (Couzens et al., *supra*, ¶ 23:2.) If, instead, the court decides to terminate probation and send the defendant to state prison, the sentence the court may impose depends on how the court disposed of the case when it first placed the defendant on probation. If the court originally suspended *imposition* of sentence, the court may, upon revocation and termination of probation, "pronounce judgment for any time within the longest period for which the person might have been sentenced." (§ 1203.2, subd. (c).) But if the court originally imposed a sentence and suspended *execution* of it, upon revocation and termination of probation, the court must order that imposed sentence into effect. (*Ibid.*; *People v. Howard* (1997) 16 Cal.4th 1081, 1088, 1095.) The court

ordinarily has no authority to impose a lesser sentence in such a case.[2] (*Howard, supra*, at p. 1095.)

The decision whether to reinstate probation or terminate probation (and thus send the defendant to prison) rests within the broad discretion of the trial court. (*People v. Medina, supra*, 89 Cal.App.4th at p. 323; *People v. Covington* (2000) 82 Cal.App.4th 1263, 1267.) "It is axiomatic that when an issue entrusted to the trial court's discretion is properly presented to the court for decision, the court must *exercise* its discretion: In such a case a statement or other evidence that the court believes it has no discretion, but must rule in a certain way, indicates an error so fundamental as to be said to amount to a refusal to exercise jurisdiction." (*People v. Angus* (1980) 114 Cal.App.3d 973, 987.) "Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228, quoting *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)

Therefore, when the record indicates the court misunderstood or was unaware of the scope of its discretionary powers, we should remand to allow the court to properly exercise its discretion. (*People v. Brown, supra*, 147 Cal.App.4th at p. 1228; *People v. Medina, supra*, 89 Cal.App.4th at p. 323.) We need not remand, however, when the record indicates the court was aware of its discretion or the record is merely silent on

---

[2]     We say "ordinarily" because, in exceptional circumstances, "the court may wish to avail itself of the procedure authorized by section 1170 [, subdivision] (d) to recall a state prison sentence and impose a lesser term," a "somewhat cumbersome process." (Couzens et al., Sentencing California Crimes, *supra*, ¶ 23:5.) The defendant must actually be committed to the Department of Corrections and Rehabilitation first. (§ 1170, subd. (d).) The court may then recall the sentence and commitment within 120 days and resentence the defendant to a lesser term. (*Ibid.*) At the precommitment stage, however, the court has no authority to impose a lesser sentence. (*People v. Howard, supra*, 16 Cal.4th at pp. 1088, 1095.)

6

whether the court misunderstood its sentencing discretion. (*People v. Brown, supra*, 147 Cal.App.4th at pp. 1228-1229.)

Here, the record discloses the court may have believed it lacked discretion to reinstate appellant's probation on modified terms. DPO Morales recommended such a disposition. The DPO recommended modifications so that appellant serve some jail time (which would have been permissible as a sanction) and participate in a drug counseling program. When defense counsel asked the court to consider using the DPO's recommendation, the court said it would be "illegal and improper" to do so. Taken as a whole, the court's comments implied (1) it was illegal to reinstate and modify probation for violations that were more than de minimis, and/or (2) it was illegal to reinstate and modify probation when a sentence had been imposed but execution suspended. Neither was the case. Upon finding a probation violation, the court had the broad discretion to choose between reinstatement and termination. Moreover, whether the court had previously suspended imposition of a sentence or suspended execution of a sentence, the court still had the authority to choose between reinstatement and termination. (See *People v. Medina, supra*, 89 Cal.App.4th at p. 323 ["[W]hen a judge suspends execution of a prison term, the message being conveyed is that the defendant is on the verge of a particular prison commitment. Nonetheless, upon violation and revocation of probation under such circumstances, the sentencing court retains discretion to reinstate probation."].) The court seemed particularly concerned with the DPO's understanding of the difference between suspending imposition and suspending execution of sentence. But the difference did not matter for purposes of the DPO's recommendation that probation be reinstated and modified. Only once the court rejects reinstatement and chooses termination will the difference between suspended imposition and suspended execution come into play.

In sum, we think a fair reading of the court's comments demonstrates it was not aware of its discretionary power to reinstate and modify probation, even if it found violations and revocation appropriate. Accordingly, we shall remand to give the court the opportunity to exercise its discretion. Nothing in this opinion should be construed as an

7

indication of this court's position on reinstatement versus termination of probation. We do not intend to express an opinion on the choice between the two.

## DISPOSITION

The judgment revoking and terminating appellant's probation is reversed. Appellant's sentence is vacated and the matter remanded to the trial court with directions to exercise its discretion whether to reinstate probation (either on the same terms or on modified terms) or terminate probation.


FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.

8