Filed 3/4/16  P. v. Bolian CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B264598 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA052593) |
| v. | |
| BRUCE BOLIAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Gail Ganaja, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

This is defendant Bruce Bolian's second appeal in this case. In the first appeal, we reversed the judgment revoking his probation, vacated his sentence, and remanded for the trial court to conduct a new probation revocation hearing and exercise its discretion whether to reinstate or terminate probation. (*People v. Bolian* (2014) 231 Cal.App.4th 1415 (*Bolian*).) Following remand, the trial court again revoked his probation and sentenced him to five years in state prison. Appellant again appeals the court's judgment. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## BACKGROUND

The following procedural and factual background is taken from our prior opinion (*Bolian, supra*, 231 Cal.App.4th at pp. 1418-1419): In December 2011, appellant was charged in an amended information with one count of possession of a deadly weapon (a billy club) in violation of Penal Code former section 12020, subdivision (a)(1). The amended information also alleged appellant had suffered three prior convictions within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served prison terms for eight prior convictions within the meaning of Penal Code section 667.5, subdivision (b). Appellant pled guilty and admitted two prior convictions within the meaning of Penal Code section 667.5, subdivision (b). In February 2012, the court sentenced appellant to five years in state prison, consisting of three years for the substantive count and two years for the prior conviction allegations. The court then suspended execution of the sentence and placed appellant on formal probation for five years. The conditions of his formal probation required that he (1) perform 60 days of Caltrans (California Department of Transportation) community service, (2) not own, use, possess, buy, or sell any controlled substances except with valid prescription, and (3) submit to periodic controlled substance testing when requested.

According to the report of Deputy Probation Officer (DPO) Douglas Morales, appellant tested positive for marijuana in December 2012, January 2013, March 2013,

and May 2013. The DPO's report recommended the court find appellant had violated probation but modify probation by ordering appellant to complete an outpatient drug counseling program. The court set a probation violation hearing for August 2, 2013, for which appellant did not appear. The court preliminarily revoked appellant's probation based on the report that he had violated the terms of his probation and his failure to appear.

The matter was continued for a contested violation hearing, at which DPO Morales testified. The DPO had previously discussed with appellant that he was not in compliance with the conditions of his probation because he had tested positive for marijuana, and he also had not performed his 60 days of Caltrans community service. Appellant said he could not perform his Caltrans service because he was having back problems and was on heavy medication. As to the marijuana use, appellant submitted a recommendation for the use of medical marijuana from his doctor. The recommendation was dated March 2, 2013, and was valid for one year. As to appellant's nonappearance on August 2, 2013, before that date, appellant called DPO Morales to say he could not appear for court because of his physical condition. The DPO's revised recommendation was to find appellant violated probation but modify his probation so that appellant serve "a suitable amount of time in custody" and attend an outpatient drug education program.

The court found appellant violated his probation because he tested positive for marijuana, he failed to appear on August 2, 2013, without excuse, and he failed to complete his community service without excuse after being on probation for nearly a year and a half. The court revoked his probation and ordered execution of the previously suspended sentence of five years in state prison.

On appeal, we held that a fair reading of the trial court's comments in revoking appellant's probation demonstrated it was not aware of its discretionary power to reinstate and modify probation, even if it found violations and revocation appropriate. (*Bolian, supra*, 231 Cal.App.4th at p. 1422.) We therefore reversed the judgment revoking and terminating appellant's probation, vacated his sentence, and remanded the

3

matter to the trial court with directions to exercise its discretion whether to reinstate probation (either on the same terms or on modified terms) or terminate probation. (*Ibid.*)

On remand, the trial court recognized its discretion and found appellant unsuitable for reinstatement of probation based on his positive marijuana tests, his failure to complete any required community service, and his failure to appear at a previous court hearing without a proper excuse. The court ordered that his previously imposed five-year prison sentence be executed, along with fines, fees, and custody credits. Appellant timely appealed.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On November 6, 2015, we advised appellant he had 30 days to submit any contentions or issues he wished us to consider. Appellant did not file a supplemental brief.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.                    GRIMES, J.

4