Filed 6/28/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DALLAS BROOKS ACHANE,<br><br>        Defendant and Appellant. | A165968<br><br>(Humboldt County Super. Ct. Nos.<br>CR2102494, CR2001294, CR1905885) |

After finding Dallas Brooks Achane violated probation, the trial court ordered him to serve a sentence that previously had been imposed with execution of sentence suspended. The sentence included an upper term. Achane contends he is entitled to resentencing under legislation enacted after the initial imposition of sentence that limits trial courts' discretion to impose an upper term sentence and, in certain circumstances, creates a presumption in favor of a lower term sentence. As we will explain, Achane forfeited his claims by failing to assert them in the trial court. Accordingly, we affirm.

## BACKGROUND

The facts underlying Achane's offenses are not relevant to the issues on appeal and need not be recited. In January 2020, Achane pleaded guilty to a charge of willfully inflicting corporal injury on a spouse or cohabitant (Pen. Code, § 273.5, subd. (a))[1] in case No. CR1905885 (case 1). On February 4, 2020, the trial court sentenced him to an upper term sentence of

---

[1] Further statutory references are to the Penal Code.

1

four years, and then suspended execution of sentence and placed Achane on probation.

On August 6, 2020, in case No. CR2001294 (case 2), Achane pleaded guilty to one count of stalking (§ 646.9, subd. (a)) and admitted violating probation in case 1. On August 24, 2020, the trial court suspended imposition of sentence and placed Achane on probation.

On August 31, 2021, in case No. CR2102494 (case 3), Achane pleaded guilty to a charge of obstructing an executive officer (§ 69). On October 21, 2021, the trial court suspended imposition of sentence, placed Achane on probation, and found his guilty plea was an admission that he violated probation in cases 1 and 2.

On March 11, 2022, the probation department filed petitions to revoke probation in all three cases. The petitions alleged that on March 9, 2022, Achane carried a loaded firearm in public (§ 25850, subd. (a)), carried a concealed firearm on his person (§ 25400, subd. (a)(2)), unlawfully possessed a firearm (§ 29800, subd. (b)), unlawfully possessed ammunition (§ 30305, subd. (a)), purchased, sold, possessed or transferred an unmarked firearm (§ 23920), resisted arrest (§ 148, subd. (a)(1)) and possessed a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)).

These new charges were tried to a jury in case No. CR2200716. On July 15, 2022, the trial court declared a mistrial after the jury deadlocked, then on the basis of the evidence presented at trial found Achane violated probation and revoked probation in cases 1, 2 and 3.

On July 28, 2022, the sentencing hearing was held in Achane's absence after he told the court he did not wish to remain in the courtroom. The court acknowledged that the probation department recommended reinstating

probation but stated a tentative decision to order Achane to serve a prison term of five years and four months. The court stated its reasons: Achane had sustained three violations of probation since the 2020 case; the probation report characterized his performance on probation as "poor" and reflected that he had not shown "any evidence of making positive lifestyle changes," he had not completed his court-ordered batterer's intervention program, he continued to "use and abuse methamphetamine," he had "only reported sporadically" to the probation department and he absconded prior to completing an inpatient treatment program; and on March 3, 2022, the court had found Achane in possession of a firearm after he had sustained seven prior felony convictions. Defense counsel urged the court to follow the probation department's recommendation, stated her understanding that Achane would seek to enroll in an inpatient treatment program and noted the probation report's statement that Achane had been "going through serious family issues." The prosecutor expressed puzzlement at the probation department's recommendation given its report on Achane's poor performance and argued he had done nothing to change his "criminalistic lifestyle" despite being given multiple opportunities.

The court followed its tentative decision and ordered Achane to serve the previously suspended four-year aggravated term in case 1 and consecutive eight-month, one-third middle terms in cases 2 and 3, for the total of five years and four months.

Achane filed a timely notice of appeal on August 17, 2022.

# DISCUSSION

## I.

### *Background*

As noted, in February 2020, the trial court sentenced Achane to an upper term sentence of four years and then suspended execution of sentence and placed him on probation. At that time, section 1170, subdivision (b), gave trial courts broad discretion to decide which of the three terms specified for an offense would best serve the interests of justice. (See former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14.)

Subsequently, effective January 1, 2022, section 1170 was amended in several respects, two of which are relevant to this case. First, Senate Bill No. 567 (2021–2022 Reg. Sess.) made the middle term of imprisonment the presumptive sentence. (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Under the amended statute, "[a] trial court may impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt. (§ 1170, subd. (b)(1)–(2).)" (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.) The sentencing court may also rely on certified records of conviction without having to submit the prior convictions to the jury. (*Ibid.*; § 1170, subd. (b)(3).)

Second, Assembly Bill No. 124 (2021–2022 Reg. Sess.) created a presumption in favor of the lower term where specified circumstances were "contributing factor[s] in the commission of the offense," unless the trial court finds that "the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6); Stats. 2021, ch. 695, § 5.) One of the specified circumstances is that the defendant "has experienced

4

psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

Under the principles of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), because these amendments made ameliorative changes to the law, they apply retroactively to all cases that were not final as of their effective date, January 1, 2022. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308; *People v. Flores* (2021) 73 Cal.App.5th 1032, 1039.) Achane argues the sentence he was ordered to serve on July 28, 2022, violates section 1170, as amended, in that the upper term sentence imposed for his conviction under section 273.5 was not based on any aggravating factor that he admitted, a jury or judge found true beyond a reasonable doubt or was shown by a certified record of a prior conviction. (§ 1170, subds. (b)(1), (2), (3).) He also argues the record shows he suffered trauma triggering the presumption favoring a lower term sentence. (§ 1170, subd. (b)(6)(A).) He contends that he is entitled to resentencing for retroactive application of the amendments because his case was not final when they became effective. (*People v. Esquivel* (2021) 11 Cal.5th 671, 673 (*Esquivel*).)

## II.

### *Achane Is Not Entitled to Resentencing.*

The parties agree that this case was not final at the time the trial court ordered into effect the sentence imposed in 2020. (*Esquivel*, *supra*, 11 Cal.5th at p. 673.) *Esquivel* held that a case in which "a defendant is placed on probation with execution of an imposed state prison sentence suspended is not yet final" for purposes of retroactive application of an ameliorative sentencing law "if the defendant may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect." (*Ibid.*) In *Esquivel*, the defendant initially received a sentence that

5

included one-year enhancements for prior prison terms and was placed on probation with execution of sentence suspended. (*Ibid.*) He subsequently violated probation and the previously imposed sentence was ordered into effect. (*Ibid.*) While his appeal from that order was pending, a statutory amendment became effective under which his priors were not subject to the one-year enhancement. (*Ibid.*) *Esquivel* held the ameliorative amendment applied retroactively. (*Esquivel*, at p. 680.)

The present case is like *Esquivel* in that Achane, too, was initially placed on probation with execution of an imposed sentence suspended and subsequently ordered to serve the previously imposed sentence upon revocation of probation. Unlike the situation in *Esquivel*, however, the statutory amendments Achane seeks to apply retroactively had already been in effect for almost seven months by the time he was ordered to serve the prison sentence imposed in 2020. Achane could have asked the trial court at the sentencing hearing on July 28, 2022, to apply the section 1170 amendments retroactively to the 2020 upper term sentence, but he did not do so. The People argue this means Achane's retroactivity argument is misplaced; Achane is not entitled to resentencing because he forfeited his objection to the sentence imposed in 2020.

Achane argues the issue is cognizable on appeal because objection would have been futile (*People v. Welch* (1993) 5 Cal.4th 228, 237), since a court ordering into effect a sentence previously imposed with execution suspended has no authority to order a lesser sentence (*People v. Bolian* (2014) 231 Cal.App.4th 1415, 1420-1421). Further, Achane argues the forfeiture doctrine does not apply because he is challenging the upper term sentence as unauthorized and unauthorized sentences are not subject to forfeiture.

6

(*People v. Scott* (1994) 9 Cal.4th 331, 354.)  Neither of these points is persuasive.

## A. The Unauthorized Sentence Exception to the Forfeiture Doctrine Is Inapplicable.

"[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott*, *supra*, 9 Cal.4th at p. 354.)  The California Supreme Court in *In re G.C.* (2020) 8 Cal.5th 1119, 1130, explained the rationale for "this 'narrow' category of nonforfeitable error":  "The appellate court may intervene in the first instance because these errors 'present[ ] "pure questions of law" [citation], and [are] " 'clear and correctable' independent of any factual issues presented by the record at sentencing" ' and without 'remanding for further findings.' [Citation.]  The rule exists because correction of sentencing error that is evident from the record and needing no redetermination of facts does not significantly impact the state's interest in finality of judgments. [Citation.]  'In such circumstances, an individual's interest in obtaining judicial review of an allegedly illegal sentence cannot be ignored.' [Citation.]"

The claimed error in the present case does not fit either the definition of an unauthorized sentence or the rationale for this exception to the forfeiture rule.  Under the amended section 1170, subdivision (b), an upper term may be imposed if based on an aggravating circumstance admitted by the defendant, found true beyond a reasonable doubt by the trier of fact or a certified record of a prior conviction.  When the amendment is applied retroactively to a case in which the upper term is not supported by one or more aggravating factors established by this standard, the remedy is a remand for resentencing.  Although the previously imposed upper term cannot stand, the trial court on remand can again impose the upper term if at least one aggravating factor is properly established by admission, finding

7

beyond a reasonable doubt or certified record of conviction and the trial court exercises its discretion in accordance with section 1170, subdivision (b)(2). (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 468 [remand for exercise of discretion under amended § 1170; absent stipulation by defendant, People may elect to prove aggravating factors beyond a reasonable doubt or accept resentencing on current record].)  Thus, the upper term is not a sentence that "could not lawfully be imposed under any circumstance in the particular case."  (*People v. Scott*, *supra*, 9 Cal.4th at p. 354.)  Nor does the error present a pure question of law that can be corrected " ' "independent of any factual issues presented by the record at sentencing" ' and without 'remanding for further findings.' " ' " (*In re G.C.*, *supra*, 8 Cal.5th at p. 1130.)

The situation is no different regarding Achane's claim that he is entitled to have the trial court consider applying the presumption in favor of a lower term sentence under section 1170, subdivision (b)(6).  This provision applies if one of the enumerated circumstances "was a contributing factor in the commission of the offense"—here, that the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence"—and the court does not find aggravating circumstances outweigh "the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (*Ibid.*)  A trial court's decision whether to apply this provision thus depends on both factual determinations and the exercise of discretion.  A sentence imposed without consideration of section 1170, subdivision (b)(6), is not one that "could not lawfully be imposed under any circumstance in the particular case" (*People v. Scott*, *supra*, 9 Cal.4th at p. 354) and does not present a question of law that can be corrected " ' "independent of any factual issues presented by the record at sentencing" ' and without 'remanding for further

8

findings.' " ' " (*In re G.C.*, *supra*, 8 Cal.5th at p. 1130.)  Again, the remedy for a sentence imposed without consideration of this provision is remand for resentencing.  (*People v. Banner* (2022) 77 Cal.App.5th 226, 242.)

Achane cannot escape the consequences of his failure to object by relying on the unauthorized sentence exception to the forfeiture doctrine.

**B. Achane Has Not Demonstrated Objection Would Have Been Futile.**

"Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence."  (*People v. Welch*, *supra*, 5 Cal.4th at p. 237.)  Achane contends it would have been pointless for him to challenge the upper term imposed in 2020 when his probation was revoked because the trial court ordering the previously imposed sentence into effect had no authority to alter the original sentence.  (*People v. Bolian*, *supra*, 231 Cal.App.4th at pp. 1420-1421.)  He relies on the generally applicable rule that "[w]hen a trial court revokes and declines to reinstate probation after having imposed sentence but suspended its execution during the period of probation, the court 'must order that exact sentence into effect.' "  (*In re Renfrow* (2008) 164 Cal.App.4th 1251, 1253, quoting *People v. Howard* (1997) 16 Cal.4th 1081, 1088 (*Howard*); § 1203.2, subd. (c).)

Achane fails to appreciate that *Esquivel,* the authority he relies on in arguing his case is not final for purposes of retroactivity of the section 1170 amendments, negates his futility argument.  As in *Esquivel,* "[t]he question in this case arises because ameliorative legislation took effect after the initial time for defendant to challenge his [original] sentence had elapsed, but before the conclusion of his appeal from the [subsequent] decision ordering that sentence into effect."  (*Esquivel*, *supra*, 11 Cal.5th at p. 676.)  *Esquivel* held the defendant was entitled to retroactive application of the ameliorative

9

legislation because "a case in which a defendant is placed on probation with execution of an imposed state prison sentence suspended is not yet final for [the] purpose [of *Estrada* retroactivity] if the defendant may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect." (*Id.* at p. 673.)

The *Esquivel* court made only brief mention of the rule that a court ordering into effect a sentence previously imposed with execution suspended lacks authority to order anything other than that exact sentence: "True, there are some constraints on a trial court's ordinary discretion to modify suspended execution sentences. (See *Howard, supra,* 16 Cal.4th 1081.) But those constraints are statutory, and in any event, defendants entitled to the benefit of ameliorative legislation may be able to obtain relief by other procedural means. (*People v. Buycks* (2018) 5 Cal.5th 857, 895.)" (*Esquivel, supra,* 11 Cal.5th at p. 679.) These comments reference the distinction discussed in *Esquivel* between finality of a judgment of conviction, which underlies the usual rule that a previously imposed sentence cannot be altered,[2] and "finality of the ' "case[ ]" ' or ' "prosecution[ ][,]" ' " which is the determinative factor for *Estrada* retroactivity. (*Id.* at p. 678, quoting *People*

---

[2] As *Howard* explained, "[w]hen the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation." (*Howard, supra,* 16 Cal.4th at p. 1087.) "The probation order is considered to be a final judgment only for the 'limited purpose of taking an appeal therefrom' " and, on revocation of probation, the court may " 'pronounce judgment for any time within the longest period for which the person might have been sentenced.' " (*Ibid.*) In contrast, "where a sentence has actually been imposed but its execution suspended, 'The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect . . . .' [Citations.]" (*Ibid.*)

10

*v. McKenzie* (2020) 9 Cal.5th 40, 46.)[3]  In short, the principles underlying the presumption of retroactive application of ameliorative legislation overcome the usual rule that a previously imposed execution suspended sentence cannot be later modified when probation is revoked.[4]

Achane makes no attempt to explain his insistence that the trial court lacked authority to modify the previously imposed execution suspended sentence in the face of *Esquivel*'s holding that ameliorative legislation applies retroactively to suspended execution sentences as long as the defendant "may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect." (*Esquivel, supra*, 11 Cal.5th at p. 673.)  As far as we can tell, the only distinction between Achane's situation and the one addressed in *Esquivel* is that the ameliorative legislation here

[3]  The *Esquivel* court noted, "[w]hether the imposition of defendant's suspended execution sentence gave rise to a final judgment for purposes of appealability says little about whether the criminal prosecution or proceeding had concluded—and, thus, says little about whether the matter is "final" for purposes of *Estrada*.  (*Esquivel, supra*, 11 Cal.5th at p. 679.)

[4]  By contrast, the usual rule applies for subsequently enacted legislation that was intended to have only prospective effect.  *People v. Scott* (2014) 58 Cal.4th 1415, involved the Criminal Justice Realignment Act of 2011, which provided that certain felony offenders would serve their sentences in county jail, or partly in county jail and partly under mandatory supervision, rather than in prison.  (*Scott*, at pp. 1418-1419.)  *Scott* held that the Realignment Act did not apply to defendants who had sentences imposed with execution suspended prior to the legislation's effective date, then after the effective date had probation revoked and were ordered to serve the previously imposed sentences.  (*Scott*, at p. 1419.)  The Realignment Act specified that it was to be applied "prospectively to any person sentenced on or after" its effective date.  *Scott* held that a defendant "is 'sentenced' when a judgment imposing punishment is pronounced even if execution of the sentence is then suspended" and, under *Howard, supra*, 16 Cal.4th 1081, the sentence ordered on revocation of probation must be exactly the one previously imposed.  (*Scott*, at pp. 1423-1424.)

11

became effective before the revocation proceedings while in *Esquivel* the new legislation went into effect during the pendency of the defendant's appeal from the revocation orders. That distinction—while critical with respect to when each defendant could raise the issue—is irrelevant with regard to the trial court's authority. *Esquivel*'s holding that the defendant was entitled to retroactive application of the new legislation necessarily confirms that trial courts have authority to act in accordance with *Estrada*'s presumption of retroactivity when ameliorative legislation becomes effective after imposition of the suspended execution sentence and prior to probation revocation proceedings.

Achane's probation was revoked and his previously imposed sentence ordered into effect over a year after *Esquivel* was decided and almost seven months after the section 1170 amendments became effective. *Esquivel* offered direct, controlling authority for Achane to argue the trial court should apply the section 1170 amendments retroactively to his previously imposed sentence notwithstanding the usual limitation on its authority to modify a suspended execution sentence. Achane offers no persuasive reason why the usual forfeiture rules should not apply to his failure to raise his retroactivity argument in the trial court when he could and should have done so.

## DISPOSITION

The judgment is affirmed.

12

_____

STEWART, P.J.

We concur.

_____

MILLER, J.

_____

MARKMAN, J. *

*People v. Achane* (A165968)

_____

&ast; Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13

Trial Court:Humboldt County Superior Court

Trial Judge:        Hon. John T. Feeney

Counsel:

Mi Kim, under appointment by the Court of Appeal, for Defendant and
Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney
General, Jeffrey M. Laurence, Assistant Attorney General, Katie Stowe and
Claudia H. Amaral, Deputy Attorneys General, for Plaintiff and Respondent.