Filed 2/20/24  P. v. Kuklenski CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW DAVID KUKLENSKI,<br><br>    Defendant and Appellant. | 2d Crim. No. B328540<br>(Super. Ct. Nos. 2020012549,<br>2020027002)<br>(Ventura County) |

Matthew David Kuklenski appeals from the order terminating probation and sentencing him to state prison.  He contends the trial court abused its discretion in terminating probation and imposing a prison sentence.  We affirm.

FACTS AND PROCEDURAL HISTORY[1]

In case number 2020012549, Kuklenksi fraudulently deposited four checks at a credit union.  The Ventura County

---

[1] The factual summary is taken from the preliminary hearing transcript.

District Attorney charged Kuklenski with passing forged checks (Pen. Code,[2] § 476) and identity theft (§ 530.5, subd. (a)).

In case number 2020027002, the police received a phone call from a man who said Kuklenski brandished a knife at him. The officers contacted Kuklenski and found a knife and methamphetamine on him. The District Attorney charged Kuklenski with assault with a deadly weapon (§ 245, subd. (a)(1)) and possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)). As to the assault charge, it was further alleged that he personally used a dangerous and deadly weapon within the meaning of section 1192.7, subdivision (c)(8).

In case number 2020027002, Kuklenski pleaded guilty to the assault charge and admitted the allegation (§§ 245, subd. (a)(1), 1192.7, subd. (c)(8)). In case number 2020012549, Kuklenski pleaded guilty to identity theft (§ 530.5, subd. (a)).[3] The remaining counts in both cases were dismissed. The court suspended imposition of sentence in both cases and placed Kuklenski on probation with various terms and conditions.

Shortly after his initial placement on probation in the assault case, Kuklenski was charged with violating several probation conditions by failing to submit to drug tests, admitting drug use, and committing petty theft. He admitted violating probation, and the trial court reinstated his probation, including a condition that he serve time in county jail.

---

[2] Further unspecified statutory references are to the Penal Code.

[3] The plea and sentencing in the identity theft case took place over a year after the plea and sentencing in the assault case.

Two months later, after Kuklenski's release from custody, the probation officer filed another notice of probation violation. It alleged that Kuklenski committed misdemeanor utility theft, failed to report to his probation officer, and failed to submit to drug testing. It also alleged drug use and that Kuklenski changed his residence without permission. The probation officer requested the court terminate Kuklenski's probation and sentence him to state prison.

Kuklenski testified on his own behalf at the contested probation violation hearing. He claimed he had difficulty arranging transportation to the probation department because his mother could not give him a ride. He did not contact his probation officer about his transportation issues. He also stated that he "wasn't really using" drugs during his probationary period and that he lived with his mother for a brief time before "couch surfing" at different residences.

The trial court found Kuklenski in violation of probation. It terminated probation and sentenced him to state prison for two years and eight months (two years on the assault case and a consecutive eight months on the identify theft case).

DISCUSSION

Kuklenski contends the trial court abused its discretion by terminating probation and sentencing him to state prison. We disagree.

The trial court may terminate probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision." (§ 1203.2, subd. (a).)

Upon finding a probation violation and revoking probation, a trial court has broad discretion to reinstate probation on the same terms, reinstate on modified terms, or terminate probation and sentence the defendant to state prison. (*People v. Bolian* (2014) 231 Cal.App.4th 1415, 1420.) If the court exercises its discretion to terminate probation and it "originally suspended imposition of sentence, the court may, upon revocation and termination of probation, 'pronounce judgment for any time within the longest period for which the person might have been sentenced.'" (*Ibid.*, italics omitted; see § 1203.2, subd. (c).)

We review the decision to terminate probation and impose a prison sentence for abuse of discretion. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.) We may reverse the decision only if "'the court exercised its discretion in an arbitrary or capricious manner.' [Citation.] A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.'" (*Ibid.*)

Kuklenski does not dispute that he violated the terms and conditions of his probation and recognizes the trial court had the option of sentencing him to state prison. He contends that failure to reinstate probation was contrary to the interests of justice.

We reject this contention. Shortly after his initial placement on probation, Kuklenski violated probation by failing to submit to drug testing, admitting drug use, and committing petty theft. He was granted another chance on probation, but two months after reinstatement, he again violated probation by failing to submit to drug testing and admitting drug use. He also failed to report to his probation officer and moved residences without permission. Although he alleged he had difficulty arranging transportation to the probation office, he admitted he

4

did not contact his probation officer to report his transportation issues. "When the record reveals that a defendant's violation of the terms of probation was the result of irresponsible or willful behavior, termination of probation and imposition of a prison sentence is no abuse of discretion." (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278.) There was no abuse of discretion here.

Kuklenski also argues that the court erred because California law favors reinstatement of probation for drug addicts. But nothing in the record indicates Kuklenski took any steps to seek drug treatment or make changes to his life. (See *People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511 ["drug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment"].) Given Kuklenski's continued violation of his probation conditions and the absence of an attempt to change his conduct, the court did not abuse its discretion when it terminated probation and sentenced him to prison.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.          CODY, J.

5

Paul W. Baelly, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Ana R. Duarte, Deputy Attorneys General, for Plaintiff and Respondent.