Filed 9/19/25  P. v. Slattery CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DERECK SLATTERY,<br><br>        Defendant and Appellant. | A170971<br><br>(Lake County<br>Super. Ct. No. CR963415A) |

Defendant Dereck Slattery appeals from an order terminating his probation and sentencing him to the middle term.  He contends that the trial court erred by relying on factors and aggravating circumstances that were not supported by the evidence.  He also argues that if his attorney's failure to object forfeited his claims on appeal, his attorney was ineffective.  We conclude that Slattery forfeited his claims, the order was supported by substantial evidence, and he has not demonstrated ineffective assistance of counsel.  We therefore affirm the order.

0

# I. FACTS AND PROCEDURAL HISTORY

## A. Underlying Offense

In October 2022, Slattery was charged with burglary (Pen. Code, § 459),[1] grand theft (§ 487, subd. (a)), and misdemeanor vandalism (§ 594, subd. (a)).

According to evidence at the preliminary hearing, Lake County Sheriff's Deputy Avina responded to a report of a residential burglary and saw that the front door was "ripped off its hinges" and the inside was "ransacked." The owner stated that, when he last left the property, he secured his home and everything was in order. When he returned, he saw Slattery, Slattery's codefendant, and two vehicles, including a pickup truck, in his driveway. At that time, Slattery was loading items onto the truck. When the owner identified himself, Slattery began to remove the items from the truck. According to the owner, the items that Slattery was trying to take were worth about $6,000. Slattery told Deputy Avina that he was on the property because "individuals in the area" said the owner was deceased. He claimed that the door was off its hinges and the inside was ransacked when he arrived two hours earlier. He was purportedly taking tools and other items that he wanted for his own house, which he was rebuilding. The codefendant gave a similar account.

In February 2023, Slattery pleaded no contest to grand theft in exchange for probation and dismissal of the remaining counts.

The probation department's March 2023 sentencing report stated that Slattery failed to contact his probation officer for the presentence investigation. As to the criteria for granting or denying probation, the report

---

[1] Except where otherwise indicated, all statutory references are to the Penal Code.

advised, among other things, that "[t]he victim was particularly vulnerable" and that Slattery "did inflict emotional injury to the victim as the victim is left with a destroyed residence." (See Cal. Rules of Court (rule), rule 4.414.) According to the report, Slattery's crime showed planning, sophistication or professionalism; however, he had never been convicted of a felony before. Noting that Slattery "entered a plea for probation," the report concluded, "therefore, probation will be recommended." The report further recommended that, if the court chose not to grant probation, it should impose the middle term sentence.

The trial court suspended imposition of sentence and placed Slattery on probation for two years with various conditions, including that he obey all laws and that he serve 90 days in jail.

### B. Probation Violation

In August 2023, Lake County Sheriff's Deputy McCabe saw a 30-foot-long motor home parked along the roadway and a truck parked next to it. The hood of the truck was up, jumper cables extended from the truck to the motor home, and there were propane tanks and garbage on the ground. As Deputy McCabe approached the motor home, he smelled urine. He knocked on the door and Slattery answered. When the deputy learned that Slattery was on probation and subject to a search condition, he searched the motor home and found a methamphetamine pipe, a bong, small white plastic baggies, a box of .556-caliber ammunition, and monthly reports from the Lake County probation department.

In September 2023, the district attorney alleged that Slattery violated his probation by possessing ammunition (Pen. Code, § 30305, subd. (a)), committing a public nuisance (Pen. Code, § 372), and possessing drug

paraphernalia (Health & Saf. Code, § 11364). After a contested hearing, the trial court found that Slattery violated his probation.

The probation department filed a supplemental report in May 2024. It recounted that Slattery again failed to contact the probation department for his presentence investigation. He failed to report to probation on May 1, 2024 as required. Earlier, he failed to surrender himself to jail as the trial court ordered. After the court gave him a new surrender date, he failed to surrender on that date as well. According to the probation department, he also failed to comply with his probation condition to submit monthly report forms. The probation officer concluded: "A review of [Slattery's] probation file indicates his performance on probation thus far has been poor, as [he] has absconded from supervision, and failed to surrender to the Hill Road Correctional Facility. [Slattery] continues to commit new law violations. . . . [He] has failed to meet any of his probation obligations. [He] has demonstrated he has little regard for probation and the orders set forth by the Court. Furthermore, he does not appear to be amenable to probation. Therefore, a restoration of [Slattery's] grant of felony probation will not be recommended." The probation department maintained that sentencing Slattery to the middle term was appropriate.

At the sentencing hearing, the prosecutor sought the middle term of two years. (See § 1170, subd. (h)(1) [certain felonies punishable by imprisonment exceeding one year but in county jail].) Defense counsel asked the trial court to reinstate Slattery's probation or sentence him to the lower term. Defense counsel argued that Slattery had minimal criminal history and that "[a] lot of [Slattery's] problems ha[d] to do with poverty and . . . living on the street in different vehicles and so forth."

3

As discussed in greater detail below, the trial court revoked and terminated Slattery's probation and sentenced him to the middle term of two years. Slattery timely appealed.

## II. DISCUSSION

Slattery does not dispute that he violated the conditions of his probation. Instead, he argues that his probation should have been reinstated and, if not, he should have received the lower, rather than the middle, term. But he forfeited these arguments by failing to raise them at sentencing. He also fails to establish error. Finally, he fails to establish that he is entitled to relief because his attorney was ineffective for not raising these issues in the trial court.

### A. Termination of Probation

We begin by considering whether the trial court abused its discretion by terminating probation and conclude that it did not.

#### 1. The Law

Upon finding that a defendant violated a condition of probation, the trial court may modify, revoke, or terminate probation. (§ 1203.2, subds. (a), (b)(1); *People v. Bolian* (2014) 231 Cal.App.4th 1415, 1420 (*Bolian*).) In making this decision, the court "may consider the nature of the violation and the defendant's past performance on supervision." (Rule 4.435(a).) We review the court's factual findings for substantial evidence and its decision to terminate probation for abuse of discretion. (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1313 (*Weaver*), overruled on another ground in *People v. Cook* (2015) 60 Cal.4th 922, 939; *Bolian*, at p. 1421.)

The "[c]riteria affecting the decision to grant or deny probation" include, as relevant here, the defendant's "[p]rior performance and present status on probation" (rule 4.414(b)(2)); the defendant's "[w]illingness to

4

comply with the terms of probation" (rule 4.414(b)(3)); "[t]he vulnerability of the victim" (rule 4.414(a)(3)); and "[w]hether the defendant inflicted physical or emotional injury" (rule 4.414(a)(4)).

### 2. Trial Court's Denial of Probation

At the sentencing hearing, the trial court found that Slattery's performance on probation had been "very poor." Slattery twice failed to turn himself into jail as ordered and, in the words of the court, "basically hasn't done much of anything. . . . [He] absconded, hasn't talked to probation, didn't talk to them this time either. So there's really no point in putting him back on probation."

The trial court then stated: "For the reasons I described—let me go into—the nature, seriousness, and circumstances of the crime are as serious as other instances of the same crime. [¶] Victim was particularly vulnerable due to the defendant's age—excuse me, not the defendant's age. It says defendant's age. That doesn't make any sense. Was this an elderly victim? Strike that finding. I'm not making that finding. [¶] [PROSECUTOR]: Yes, it was, Your Honor. [¶] THE COURT: It was an elderly victim? [¶] [PROSECUTOR]: Yes, 81. [¶] THE COURT: Okay. So that must be what they're talking about. I'm looking at the original report. It says, 'The victim was particularly vulnerable due to the defendant's age.' They obviously mean the victim's age. I make that finding. [¶] He inflicted emotional injury on the victim. [¶] The crime was not committed because of any unusual circumstance such as great provocation which is unlikely to recur. [¶] Despite all this, he was granted probation and has failed to comply in many aspects. Therefore, probation is permanently revoked."

5

3. <u>Analysis</u>

Slattery contends that the trial court erred in terminating his probation by relying on two criteria—a vulnerable victim and infliction of emotional injury—that were not supported by substantial evidence. He, however, forfeited this argument because he did not object to the termination of his probation on the specific ground he now raises on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*) [forfeiture by failure to object to trial court's discretionary sentencing choices]; *People v. Jones* (1990) 224 Cal.App.3d 1309, 1314 [sentencing choices include the decision "between prison and probation upon termination of probation where imposition of sentence was previously suspended"].) Nonetheless, because he has asserted an ineffective assistance claim due to defense counsel's failure to object, and we must therefore consider whether an objection was warranted, we will proceed to the merits of Slattery's substantial evidence challenge to the reasons given by the court for terminating probation.

Slattery does not dispute that two of the reasons given by the trial court for terminating his probation—poor performance on probation and an unwillingness to comply with probation (rules 4.414(b)(2) & (3))—were supported by substantial evidence. Instead, he argues that there was insufficient evidence to support the findings that the victim was vulnerable and suffered emotional injury. (Rules 4.414(a)(3) & (4).) But his argument is unavailing because the court did not rely on these criteria in terminating his probation.

After discussing Slattery's poor performance (rule 4.414(b)(2)) and unwillingness to comply with probation (rule 4.414(b)(3))—and *before* mentioning the vulnerability and emotional injury of the victim—the trial court concluded that "there's really no point in putting him back on

6

probation." In thereafter referencing the emotional injury and vulnerability of the victim, the court seemed to be explaining that Slattery already had an opportunity on probation even though there were factors that could have led to a prison sentence. The court then stated: "*Despite all this*, he was granted probation *and has failed to comply in many aspects. Therefore*, probation is permanently revoked." (Italics added.) Accordingly, the record is sufficiently clear that the court terminated probation based only on Slattery's poor history on probation and unwillingness to comply. The court thus relied on proper factors in refusing to reinstate Slattery's probation, and Slattery fails to demonstrate error.[2]

## B. Middle-Term Sentence

We also find that the trial court did not abuse its discretion by sentencing Slattery to the middle term.

### 1. The Law

Where the trial court revokes probation after originally suspending the imposition of sentence, it can sentence the probationer up to the longest period that originally could have been imposed. (§ 1203.2, subd. (c); *Bolian, supra*, 231 Cal.App.4th at p. 1420; *People v. Howard* (1997) 16 Cal.4th 1081, 1087; rule 4.435(b)(1).) "The length of the sentence must be based on circumstances existing at the time supervision was granted." (Rule 4.435(b)(1).)

---

[2] Even if the trial court had erred in relying on unsupported criteria, Slattery is not entitled to relief unless he establishes that "it is reasonably probable the court would have granted h[im] probation had it not so erred." (*Weaver, supra,* 149 Cal.App.4th at p. 1318.) Slattery has not met that burden, particularly in light of the court's express statement that there was no point to reinstating his probation given his poor performance.

The trial court has broad discretion in selecting between the lower or middle term.  (§ 1170, subds. (b)(1) & (6)(A)–(C).)  In making this selection, "the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision[,] . . . whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt."  (Rule 4.420(d).)  The circumstances may be ascertained from, among other things, the probation officer's report and any evidence at the sentencing hearing.  (*Ibid.*)

Circumstances in aggravation include that "[t]he manner in which the crime was carried out indicates planning, sophistication, or professionalism" (rule 4.421(a)(8)) and that "[t]he crime involved an attempted or actual taking or damage of great monetary value" (rule 4.421(a)(9)).  Circumstances in mitigation include that "[t]he defendant has no prior record, or has an insignificant record of criminal conduct, considering the recency and frequency of prior crimes."  (Rule 4.423(b)(1).)  If there is a sufficient factual basis to support the findings of aggravating and mitigating circumstances, the trial court has broad discretion in its sentencing decision.  (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 205.)

2.  <u>The Trial Court's Middle-Term Sentence</u>

The probation report for the underlying offense included a summary of Slattery's criminal history, which consisted mostly of several misdemeanor arrests from 2019 to 2022.  It also noted the aggravating circumstances of "planning, sophistication, or professionalism" (rule 4.421(a)(8)) and the "attempted or actual taking of great monetary value" (rule 4.421(a)(9)).  It further mentioned the mitigating circumstance that Slattery "ha[d] no prior record, or an insignificant record of criminal conduct, considering the recency and frequency of prior crimes" (rule 4.423(b)(1)).  The report recommended

8

that the trial court impose the middle term if the court chose not to grant probation. In the supplemental probation report prepared after Slattery's probation was revoked, the probation department still believed that the middle term was appropriate.

At sentencing, the trial court found the circumstances in aggravation and mitigation identified by the probation department and again noted Slattery's "fail[ure] to follow through" on his probation obligations. The court concluded: "I do find the mitigating and aggravating circumstances are approximately equal, therefore I will impose the middle term. [¶] Therefore, probation is permanently revoked. He's ordered imprisoned in the county jail prison for the middle term of two years."

### 3. Analysis

Slattery contends that the record did not support the two aggravating circumstances and that the trial court therefore erred in imposing the middle term. Slattery forfeited this contention by not challenging the aggravating circumstances at the sentencing hearing. (*Scott, supra,* 9 Cal.4th at p. 353.) Again, in light of his ineffective assistance claim, we nonetheless address the merits and conclude that the court did not err.

First, substantial evidence supported the trial court's finding that "[t]he manner in which the crime was carried out indicates planning." (Rule 4.421(a)(8).) After learning that the homeowner had died, Slattery worked with a codefendant to bring their cars to load up the owner's property with the purpose of rebuilding Slattery's residence. He therefore planned the crime.

Slattery argues that to support an aggravating circumstance such as planning, the planning must have made the offense "distinctively worse" than other ways the offense could be committed. (*Chavez Zepeda v. Superior Court*

9

(2023) 97 Cal.App.5th 65, 89.) He urges that the evidence shows his intent to commit the crime, but not any planning that made his crime worse than ordinary grand theft. We disagree. Grand theft is merely the theft of property worth more than $950. (§ 487.) Slattery did not simply take more than $950 in property. He brought a friend and two vehicles to cart away the owner's belongings, which enabled him to take much more than he would have been able to take by himself. Indeed, the value of the property that Slattery's planning allowed him to try to pilfer was far greater than the $950 required for grand theft.

Second, substantial evidence supported the trial court's finding that "[t]he crime involved an attempted or actual taking or damage of great monetary value." (Rule 4.421(a)(9).) The owner estimated the value of the property that Slattery tried to take to be $6,000, and there was evidence that Slattery was attempting to take a lot more. Slattery stopped loading items onto his truck because the owner arrived and identified himself, and Slattery's codefendant told the deputy that it had been "a free for all." The reasonable inference is that the property Slattery was taking or attempting to take had a value of at least $6,000–over six times the $950 threshold for grand theft. The court therefore did not err in concluding that Slattery took or attempted to take property of great monetary value. (*People v. Wright* (1982) 30 Cal.3d 705, 708, 714 [upholding decision that $2,300 taken in one burglary and $3,250 taken in another burglary established the aggravating circumstance of property having great monetary value].)

Slattery's reliance on *People v. Bejarano* (1981) 114 Cal.App.3d 693 (*Bejarano*) is misplaced. There, the Court of Appeal remanded for the trial court to determine the value of a stolen rifle, shotgun, and television because

10

there was no evidence of their value. (*Id*. at pp. 705–706.) Here, by contrast, there *was* evidence of the property's value.

Slattery asserts that *Bejarano* "held, citing the then-existing enhancement requiring the loss to exceed $25,000, that the property taken did not meet the threshold of what is considered 'great monetary value' under the [r]ule." But that is inaccurate. *Bejarano* noted that the imposition of a sentence enhancement under former section 12022.6 required a loss of over $25,000 (now $50,000 for a one-year enhancement). The Court of Appeal then stated, "While the $25,000 enhancement figure *is not controlling*, unless these items were gold plated or diamond studded we do not believe that the ordinary value of the items taken would meet the test of having great monetary value." (*Bejarano, supra*, 114 Cal.App.3d at pp. 705–706, italics added.) Thus, it did not hold that a finding of great monetary value under rule 4.421(a)(9) required a loss of $25,000; rather, it merely concluded that it would remand for evidence of value because the only things taken were a rifle, a shotgun, and a television. Here, by contrast, we have the owner's statement that the value of all the items was approximately $6,000. Substantial evidence supported the aggravating circumstance of an attempted or actual taking or damage of great monetary value.

Because the aggravating circumstances are supported by substantial evidence, and because the trial court expressly weighed the aggravating and mitigating circumstances on the record, Slattery fails to demonstrate an abuse of discretion. (*People v. Sarmiento-Zuniga* (2025) 108 Cal.App.5th 1216, 1226.)

## C. Ineffective Assistance

To demonstrate ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient, and that the deficiency

11

prejudiced the defense.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) Because we have concluded that the trial court did not err in terminating probation or in sentencing Slattery to the middle term, we further conclude that defense counsel was not deficient for failing to object and that no such deficiency prejudiced the defense.  Slattery is therefore not entitled to relief based on ineffective assistance of counsel.

### III.  <u>DISPOSITION</u>

The order is affirmed.

CHOU, J.

We concur.

JACKSON, P. J.
BURNS, J.

A170971/ *People v. Slattery*