Filed 4/24/26  P. v. Cromwell CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM CODY CROMWELL,<br><br>        Defendant and Appellant. | A173037<br><br>(Humboldt County<br>Super. Ct. No. CR2004011) |

Defendant and appellant William Cody Cromwell (appellant) appeals from a judgment following his admission to violating the terms of his probation.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the record, find no arguable issues, and affirm the judgment.

1

BACKGROUND

In September 2022, appellant pled guilty to driving a vehicle under the influence of alcohol and causing injury (Veh. Code, § 23153, subd. (a)) and driving a vehicle with a blood-alcohol level of 0.08 percent or more and causing injury (*id.*, § 23153, subd. (b)).  Appellant admitted that, as to both counts, he inflicted great bodily injury on the victims (Pen. Code, § 12022.7, subd. (a)), caused bodily injury to more than one victim (Veh. Code, § 23558), and drove a vehicle with a blood-alcohol level that was 0.15 percent or more (Veh. Code, § 23578).  According to the probation report, appellant's truck collided with a vehicle occupied by two victims, including an eight-year-old child.  A blood sample taken more than two hours after the collision showed appellant's blood-alcohol level was 0.264 percent.

In December 2022, the trial court imposed a sentence of six years in prison, suspended execution of sentence, and placed appellant on four years' formal probation.  The terms of appellant's probation included that he report to his probation officer once a month and not leave the county without the permission of his probation officer.

In December 2023, a petition was filed to revoke appellant's probation, and an amended petition was filed in November 2024.  In February 2025, appellant admitted violating the terms of his probation by failing to report to his probation officer and leaving the county without the permission of his probation officer multiple times between June 2023 and September 2024.

In March 2025, after hearing from appellant, the victims, and counsel, the trial court imposed the previously stayed sentence of six years in prison.

DISCUSSION

Appellant was adequately represented by legal counsel throughout the proceedings.  Before appellant admitted violating probation, the trial court

2

reviewed his rights and confirmed that he understood them and wished to waive them. The court was aware of its discretion to reinstate probation and explained the reasons it was declining to do so. The court did not abuse its discretion in imposing the previously stayed sentence. (*People v. Bolian* (2014) 231 Cal.App.4th 1415, 1421 ["The decision whether to reinstate probation or terminate probation (and thus send the defendant to prison) rests within the broad discretion of the trial court"].)

DISPOSITION

The judgment is affirmed.

SIMONS, J.

We concur.

JACKSON, P. J.
BURNS, J.

(A173037)

3