Filed 7/7/23  P. v. Ogden CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GANNON OGDEN,<br><br>    Defendant and Appellant. | H049941<br>(Monterey County<br>Super. Ct. No. 21CR001599) |

**MEMORANDUM OPINION[1]**

Defendant Gannon Ogden pleaded no contest to felony vandalism.  (Pen. Code, § 594, subd. (b)(1)).[2]  The trial court suspended imposition of sentence and granted a two-year term of probation.  The court ordered Ogden to obey all laws, abstain from alcohol, and participate in counseling or substance abuse programming as deemed necessary by the probation officer, among other conditions.  The police later arrested Ogden for public intoxication, and his probation officer filed a notice of violation of probation.  After a contested hearing on the matter, the trial court found Ogden had willfully violated the terms of his probation by consuming alcohol and appearing in

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)  The facts of the underlying offense are immaterial to this appeal.

[2] Subsequent undesignated statutory references are to the Penal Code.

public while intoxicated. (§ 647, subd. (f).) The court revoked and terminated probation, and imposed a term of 16 months in jail.

Ogden appeals from the revocation and termination of his term of probation. He contends the trial court abused its discretion because his probation violations were not willful but rather the result of alcoholism, which caused him to lose control over his ability to refrain from consuming alcohol or appearing in public while intoxicated. He points out that the probation officer stated Ogden could benefit from drug and alcohol services and recommended probation be reinstated. Ogden argues that the trial court's order "transgressed the fundamental principles underlying probation, i.e., rehabilitation and reintegration."

"A court may revoke probation 'if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation . . . .' [Citation.]" (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981 (*Galvan*).) "[T]he facts supporting revocation of probation may be proven by a preponderance of the evidence." (*People v. Rodriguez* (1990) 51 Cal.3d 437, 439.) The evidence must support a conclusion the probationer's conduct constituted a willful violation of the terms and conditions of probation. (*Galvan*, at p. 982.) "The terms 'willful' or 'willfully,' as used in penal statutes, imply 'simply a purpose or willingness to commit the act . . .,' without regard to motive, intent to injure, or knowledge of the act's prohibited character. [Citation.] The terms imply that the person knows what he is doing, intends to do what he is doing, and is a free agent. [Citation.]" (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1438.)

"The decision whether to reinstate probation or terminate probation (and thus send the defendant to prison) rests within the broad discretion of the trial court. [Citation.]" (*People v. Bolian* (2014) 231 Cal.App.4th 1415, 1421 (*Bolian*).) "[W]here the trial court was required to resolve conflicting evidence, review on appeal is based on the substantial

2

evidence test." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848, fn. omitted.) "We consider 'whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision.' [Citation.] Substantial evidence is evidence that is reasonable, credible, and of solid value. [Citation.] We 'give great deference to the trial court and resolve all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision.' [Citation.]" (*People v. Buell* (2017) 16 Cal.App.5th 682, 687.)

The trial court expressly found Ogden had willfully violated the terms of his probation. The Attorney General points to several facts in the record supporting a finding of willfulness. In his initial probation interview, Ogden told his probation officer he had last consumed alcohol three weeks prior to the interview, and that he did not have a "drinking pattern." Ogden stated he drinks to relax, and "may consume one or several drinks depending upon circumstances." After the violation, Ogden told his probation officer his plan was to "keep away from the streets and drugs" and that he did not need any type of drug or alcohol treatment program. The probation officer stated that Ogden's "plan for success is based on the simple idea that he can remain law abiding if he chooses to do so. He believes he does not need drug or alcohol services and can stop on his own."

Ogden argues these statements to the probation officer show that he was in a state of denial and that he "evinced a lack of insight into his condition," which was itself a consequence of his alcoholism. While this interpretation is plausible, Ogden cites no evidence specifically showing he could not control his conduct at the time of the violations; rather, he points solely to his alcoholism and the generic effects of that condition. While it would not necessarily constitute an abuse of discretion for a rational trier of fact to treat the acuity of substance addiction as a mitigating factor, a lack of rational insight or impaired judgment do not, without more, negate the volitional character of Ogden's decision to drink. Ogden cites no authority for so narrowing the

3

definition of "willfulness."  While we are sympathetic to the impacts of that disease, a ruling that he lacked any ability to control himself as a de facto result of his alcoholism would in effect insulate any similarly situated probationer against any finding of a willful probation violation.

Ogden further argues that even if the evidence supported revocation, the trial court abused its discretion because its order contravened the underlying rehabilitative purposes of probation.  Under the abuse of discretion standard of review, we give broad deference to the trial court's decision whether to reinstate or terminate probation.  (*Bolian*, *supra*, 231 Cal.App.4th at p. 1421.)  While rehabilitation is one goal of probation, trial courts nonetheless retain the statutory authority to terminate it and impose a term of custody upon finding a violation, and the trial court here was within its discretion to do so.

For the reasons above, we conclude substantial evidence supported the trial court's findings, and the court did not abuse its discretion by revoking and terminating Ogden's term of probation.

## DISPOSITION

The trial court's order terminating probation is affirmed.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Lie, J.

H049941
People v. Ogden