Filed 9/21/23  P. v. Valles CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR JOSEPH VALLES,<br><br>    Defendant and Appellant. | 2d Crim. No. B325407<br>(Super. Ct. No. NA117290)<br>(Los Angeles County) |

Victor Joseph Valles appeals from the order revoking and terminating probation and sentencing him to two years in state prison.  He contends the finding of violation of probation was not supported by substantial evidence and the prison sentence was an abuse of discretion.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Valles was charged with felony counts of inflicting corporal injury on a person with whom he had a dating relationship (count 1; Pen. Code, § 273.5, subd. (a))[1] and violation of a domestic

_____

[1] All statutory references are to the Penal Code.

violence court order with three prior convictions (count 2; § 166, subd. (c)(4)).  In September 2021, he pleaded no contest to count 1.  As stipulated by the parties, the trial court sentenced Valles to two years in prison but suspended execution of sentence.  He was placed on four years' formal probation with conditions including that he report to the probation officer within 48 hours after release from custody.  The court advised Valles that he must report to the probation department "and then cooperate with any orders, rules, and regulations they impose."  Pursuant to the plea agreement, count 2 was dismissed.

In January 2022, the court issued a bench warrant based on a probation report alleging Valles violated probation by failing to report to probation.  Valles was arrested on the warrant in September 2022.  The probation revocation hearing was heard in October by a different judge than the one who placed Valles on probation.

Probation Officer Susie Estrada testified that Valles appeared at the probation office in Long Beach on September 30, 2021.  The case was then transferred to Estrada in the Rio Hondo office in Whittier.  On October 6, she called Valles's telephone number in the file, but she was unable to leave a message because his voicemail was full.  She sent a letter to his last known residence address, instructing him to report by telephone to her Rio Hondo office on November 10 at 10:00 a.m.  She never heard from him.

Probation Officer James Adkins testified the automated probation system showed Valles reported only on September 30, 2021, and did not report in October, November, or December 2021, or January 2022.

Valles's aunt testified Valles lived with her at the address

to which the letter had been sent.  She said she received a phone call she assumed was from the probation department that they would do a home check, but they did not come.

Valles testified as follows: On September 30, 2021, as soon as he was released from custody, he reported to probation in Long Beach.  He received a call or a letter to report to the Rio Hondo office.  He tried to check in "numerous times" in October and left messages on Estrada's voicemail.  He received a letter in November telling him "to come and report to the Long Beach courthouse probation department."  He testified he "tr[ied] to do that" but was told there was no record that he was to be there, and no record of Estrada being there.  He called the Rio Hondo office in November and then in December, when he was told Estrada was on vacation.  He called several times in January and was directed to voicemail.  He then got "inundated with work" and did not call again.

On cross-examination, Valles testified he did not appear at any probation office after the one visit in September 2021.  He confirmed his cell phone number was the one Estrada testified she called.  He testified the cell phone carriers would have records of the calls he made, and his business partner tried to get those records.

The trial court found Valles willfully violated probation.  Defense counsel asked that probation be reinstated.  The court declined, noting he had "quite the rap sheet" as well as probation violations in prior cases.  The court imposed the low term of two years in state prison, concurrent to case NA114546.[2]

_____

2 An appeal of the revocation of probation and sentence in case NA114546 is currently pending in this court, case number B326444.

## DISCUSSION
### *Probation violation*

The court may terminate probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision." (§ 1203.2, subd. (a).) Violation of probation must be proven by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441.)

"A court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' " (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.) "The word 'willfully,' . . . implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." (§ 7, subd. (1).) Willfulness requires proof that the defendant knew of their duty to act. (*People v. Davis* (2005) 126 Cal.App.4th 1416, 1436.)

"We review the trial court's probation revocation order for an abuse of discretion. [Citations.] The trial court's factual findings are reviewed for substantial evidence." (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.) " ' "On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" ' [Citations.]" (*People v. Smith* (2005) 37 Cal.4th 733, 739.) "In deciding the sufficiency of the evidence, a reviewing court resolves neither credibility issues nor evidentiary conflicts. [Citation.] Resolution of conflicts and inconsistencies in the

4

testimony is the exclusive province of the trier of fact." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Here, substantial evidence supports the trial court's finding that Valles willfully violated the requirement that he report to probation. Valles reported to probation only once and was directed to report to the Rio Hondo office. He did not do so and did not contact the probation department in the following 12 months. Valles's testimony that he was directed by letter to report to Long Beach conflicted with Estrada's testimony that the letter directed him to call her at the Rio Hondo office. The trial court could accept Estrada's testimony that she never heard from Valles, and not credit his conflicting uncorroborated claim that he left voicemail messages. The uncontested fact that Valles made no effort to contact the probation department after January 2022 until he was arrested in September also constitutes substantial evidence that he failed to report.

Valles contends that any failure to report was not willful "because of circumstances beyond his . . . control." (*People v. Cervantes*, *supra*, 175 Cal.App.4th at p. 295.) But the trial court noted that Valles had prior probation violations and knew he was required to report. The probation officers' testimony that Valles never reported after September 20, 2021, and his admission that he made no effort to report after January 2022, constitutes substantial evidence of a willful violation.

This case is unlike *People v. Buford* (1974) 42 Cal.App.3d 975, 983-985, upon which Valles relies. The probationer there missed several appointments with his probation officer but in each instance made another appointment or came in the next day. (*Id*. at pp. 983-984.) Thereafter, he "never missed a prearranged appointment." (*Id*. at p. 984.) In contrast, Valles

5

appeared for only one appointment and admitted he made no effort to contact probation after January 2022. Moreover, the facts in *Buford* were based on the undisputed testimony of the probation officer regarding the contents of the probationer's file. (*Id.* at p. 983.) But here, the only evidence Valles made any attempt to contact the probation department after his initial visit was his own uncorroborated testimony. The trial court was not required to accept Valles's version and found Estrada's testimony more convincing.

*Sentence*

Upon finding a violation of probation, the trial court has broad discretion to reinstate probation on the same terms, reinstate probation with modified terms such as additional jail time, or terminate probation and sentence the defendant to state prison. (*People v. Bolian* (2014) 231 Cal.App.4th 1415, 1420-1421.) If the court exercises its discretion to terminate probation and, as is the case here, "the court originally imposed a sentence and suspended *execution* of it, . . . the court must order that imposed sentence into effect." (*Ibid.*; see § 1203.2, subd. (c).)

We review the decision to impose a prison sentence rather than reinstate probation for abuse of discretion. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.) We may reverse the decision only if " 'the court exercised its discretion in an arbitrary or capricious manner.' [Citation.] A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.' " (*Ibid.*)

The trial court here gave a "reasoned explanation for its sentence choice" (*People v. Downey*, *supra*, 82 Cal.App.4th at p. 910), i.e., Valles's criminal record and prior history of probation violations. Valles has not shown an abuse of discretion.

6

Valles contends the trial court's view of the evidence was "jaded" and not objective, and the court revoked probation "reflexively." We disagree. Valles relies on the court's statement when it sentenced him for the probation violation: "He was given a chance by getting suspended time and placed on probation, quite frankly. This was not a probationary case to beginning [*sic*] with." Whatever the views of the court regarding the initial grant of probation, the prison sentence upon revocation of probation is supported by the record and did not constitute an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


CODY, J.

7

Judith L. Meyer, Judge

Superior Court County of Los Angeles

_____

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.