Filed 6/28/24  P. v. Arredondo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080932 |
| v. | (Super.Ct.No. FMB22000234) |
| QUINCY ANTHONY ARREDONDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Melissa A. Rodriguez, Judge.  Affirmed.

Garrick Byers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2022 Quincy Arredondo pled guilty to burglary in exchange for probation. Arredondo almost immediately violated probation and then violated it again a few months later. In response, the court executed the suspended sentence. Arredondo argues the court erred when it did so because its comments indicated it did not know that it could reinstate probation. We disagree and affirm.

BACKGROUND

In June 2022, Arredondo pled guilty to first degree residential burglary. (Pen. Code, § 459.)[1] He also stipulated to aggravating factors that allowed the court to impose the upper term. In exchange the trial court dismissed all other charges, imposed the upper term of six years, suspended that sentence, and placed Arredondo on four years' formal probation.[2]

Arredondo failed to report to the probation department, and later that same June the probation department filed a petition alleging he had violated the terms of his probation. Arredondo admitted to the probation violation in July, and the court reimposed probation.

In October 2022 the probation department again alleged Arredondo violated probation by failing to report as required. The court revoked probation and issued a

_____

[1] Unlabeled statutory citations are to the Penal Code.

[2] Arredondo's victim was a person defined in Family Code section 6211, which permitted the court to impose more than two years' probation. (Pen. Code, §§ 1203.097, subd. (a), 1203.1, subd. (*l*).)

bench warrant. The police eventually executed that warrant, but Arredondo allegedly obstructed or resisted them in the process, in violation of section 69. (§ 69.)

In December the court found Arredondo violated his probation term requiring he violate no law due to the alleged obstruction charge. However, it reserved sentencing because Arredondo had another pending case.

The court eventually sentenced Arredondo in March 2023. Arredondo requested the court reinstate probation because he struggled with mental health issues and was remorseful. The People requested the court execute the suspended sentence because Arredondo had violated probation once before, had picked up a new charge, and was mostly uncooperative with the probation department. The court executed the suspended six-year sentence by stating that "[p]robation previously revoked will remain revoked, and pronouncement of judgment previously withheld or suspended will now be imposed." In so doing, the court stated it was "bound by the agreement that [Arredondo] made. So, there really isn't anything that the Court can do."

## DISCUSSION

Arredondo argues the trial court misunderstood its sentencing discretion and therefore he is entitled to a new probation violation sentencing hearing. We disagree.[3]

"The decision whether to reinstate probation or terminate probation (and thus send the defendant to prison) rests within the broad discretion of the trial court." (*People v.*

_____

[3] The People argue Arredondo forfeited this argument by failing to object to the court's sentence below. Because we find that his argument fails on the merits, we do not address whether he forfeited it.

*Bolian* (2014) 231 Cal.App.4th 1415, 1421 (*Bolian*).) " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391, quoting *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) Therefore, "when the record indicates the court misunderstood or was unaware of the scope of its discretionary powers, we should remand to allow the court to properly exercise its discretion." (*Bolian*, at p. 1421.) However, "remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion." This is because " ' "[A] trial court is presumed to have been aware of and followed the applicable law," ' " and therefore "[e]rror may not be presumed from a silent record." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.)

We conclude the trial court was aware of its discretion to reinstate probation, and deliberately chose not to do so. It is hard to conclude otherwise. At the sentencing hearing Arredondo argued the trial court should reinstate probation, and neither the prosecution nor the court objected to that request or otherwise indicated that they thought it was beyond the court's ability to grant. The only evidence the court misunderstood its discretion is its statement that "[u]nfortunately, we are bound by the agreement that you made. So, there really isn't anything that the Court can do." However, we agree with the People that we should read this statement to say that once the court decided not to

4

reinstate probation it had no choice but to execute the suspended sentence. That is, the court did not mean to imply that executing the suspended sentence was its only choice, it was merely lamenting that it had no options between reinstating probation and executing the suspended sentence.

This is further supported by the court's statement that "[p]robation that was previously revoked will remain revoked." This implies that the court knew probation need not remain revoked, and was making a decision to keep it revoked. There is no reason to state that the status quo will remain the status quo unless the court believed that it could do otherwise and needed to clarify that it would not.

Similarly, there would have been no reason to hear argument at the sentencing hearing if the court was unaware of its discretion. If the court truly believed it had no choice but to execute the suspended sentence, the hearing would have been a mere formality, and argument would have been pointless. Instead, the court entertained argument from both parties, including argument from Arredondo that the court should do exactly what he now claims the court did not know it could do. The only reason to entertain such argument is if the court understood that it had a choice other than executing the suspended sentence and needed or wanted to hear how the parties felt it should exercise that discretion.

Finally, even if we agreed the trial court's statements were unclear, " 'a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517.) " 'A judgment or order of the lower court

5

is presumed correct.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.)  Thus, even assuming the court's statements are ambiguous about whether it fully understood its sentencing discretion, Arredondo cannot overcome this presumption without further affirmative evidence of misunderstanding.

Accordingly, we affirm the trial court's order executing the suspended sentence.

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.